## ROBBINS v. DILLAYE.

### June, 1866.

Affirming 33 *Barb.* 77.

A loan, at the full lawful rate of interest, made in bills which were at the time unbankable, and depreciated one per cent. below par, but were current at par in ordinary transactions among individuals, and were not proven to have been originally received by the lender, nor to have been passed by the borrower, below par, is not necessarily usurious; but the question is one of intent, and must be submitted to the jury.

Amos and Eli Robbins sued Stephen D. and H. A. Dillaye, in the supreme court, on promissory notes made by Stephen, and indorsed by H. A. Dillaye, to S. Leland & Co.

The maker, a resident of Syracuse, N. Y., applied to the Lelands, of New York city, for a loan, and it was agreed between them that the Lelands should discount his notes, paying him the amount, however, in bills of the Valley Bank of Hagerstown, Md., in which they were interested, and from which they obtained the bills by ordinary discount of their notes; and that he should give the bills a circulation. The bills furnished him were marked so as to show the period of circulation. These bills, although current at par in ordinary transactions, were then at a discount, in New York, of one per cent., and were not received or paid out by New York city banks. The Lelands had an arrangement with a broker in Wall-street, who redeemed them at one per cent. discount, and shared it with them in the proportion of one-fourth to him, and three-fourths to them. Under this arrangement, he redeemed and returned to them from two thousand to four thousand dollars daily.

Dillaye's notes were discounted at the full lawful rate of interest, seven per cent. He paid out the bills in his business; and it did not appear that Leland originally received the bills from the bank at less than par, nor that Dillaye passed them at less than par. Leland testified that nothing was said about interest in making the loan, nor had he any intent to secure usurious interest; and that Dillaye, in applying for the loan, said these bills would answer his purpose perfectly well.

Robbins *v.* Dillaye.

Among other things, plaintiffs asked the judge to charge, " that there could be no usury, unless there was a corrupt agreement, intentionally, to get more than seven per cent. for the use of the money;" but he refused so to charge, except with the qualification, " that if the parties made such an agreement as they intended to make, and by it the lender received, and the borrower paid more than seven per cent., the transaction was usurious, although the parties had no intention of violating the usury laws." He also charged, " that if the notes in suit were given under an arrangment that they were for the bills of the Valley Bank, at par, when they were known to be at a discount, then the jury must find for the defendants." . . . " If Leland made such an agreement as he intended to make, and the effect of it was that he would get more than seven per cent. for the use of his money, the transaction was usurious, though he may not have intended to get more than seven per cent."

Due exceptions were taken. The jury found for defendants.

*The supreme court,* after judgment, granted a new trial, on the ground that the transaction was not necessarily usurious (citing Bank of U. S. *v.* Waggener, 9 *Pet.* 378; Codd *v.* Rathbone, 19 *N. Y.* 37; Slosson *v.* Duff, 1 *Barb.* 432)·; and that the question whether there was an intent to violate the usury law, should have been left to the jury. Reported in 33 *Barb.* 77. Plaintiff appealed, stipulating to submit to judgment absolute, if the order should be affirmed.

*William Tracy,* for plaintiffs, appellants.

*B. G. Hitchings,* for defendants, respondents.

THE COURT affirmed the order, DAVIES, Ch. J., citing Stuart *v.* Mechanics' & Farmers' Bank, 19 *Johns.* 496, as decisive in favor of the plaintiffs' position that the question should have been submitted to the jury. See also Bank of Utica *v.* Wager, 2 *Cow.* 712, 769; Flower *v.* Edwards, *Cowp.* 112; Auriol *v.* Thomas, 2 *Term R.* 52; Winch *v.* Fenn, *Id. note c.* And in this the other judges concurred, except PECKHAM, J.,—who was of opinion that the case was distinguishable from Stuart

*v.* Mechanics' & Farmers' Bank (above), and from Thomas *v.* Murray, 32 *N. Y.* 605,—and except J. C. SMITH and MORGAN, JJ., who did not vote.

Order affirmed, and judgment absolute for plaintiffs, with direction that the supreme court ascertain and render judgment for damages, with costs.